AMOUNT $ 350.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
10-23-06

FILED
CLERKS OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
2006 OCT 23 P CIVIL DOCKET NO.

U.S. DISTRICT COURT
DISTRICT OF MASS.

CHESTER J. CHALUPOWSKI,
Individually and as
Beneficiary of the 26-30
Andrew Street Realty Trust,
and as Beneficiary of the
Mary Jane Chalupowski Family Trust;
& MALGORZATA CHALUPOWSKI
                    Plaintiffs

**06 CA 11936 DPW**

v.

MAGISTRATE JUDGE Bowler

ANTHONY METAXAS, individually
And as a member of the Law Office
of Metaxas, Norman and Pidgeon
LAW OFFICE OF METAXAS, NORMAN
and PIDGEON, LLP
                    Defendants

## VERIFIED COMPLAINT

### JURISDICTIONAL BASIS

1. Plaintiffs claim federal jurisdiction pursuant to
   Article III, Section 2, which extends the jurisdiction
   to cases arising under the U.S. Constitution.

2. Plaintiffs bring this suit pursuant to Title 42
   U.S.C., Section 1983 for violation of certain
   protections guaranteed to them by the First, Fourth,
   Fifth, Seventh, Eight, and Fourteenth Amendments of

the Federal Constitution, by the Defendants acting under color of law.

3. Plaintiffs bring this suit pursuant to Title 28 U.S.C. Section 1367, providing supplemental jurisdiction of the U.S. District Courts over matters arising form the common nucleus of operative facts. Plaintiffs assert that their additional claims arise from the common nucleus of operative facts and are so related to their constitutional claims over which this court has original jurisdiction, that they "form part of the same case or controversy under Article III of the United States Constitution."

4. Plaintiffs assert that Defendants in this action are "willful participants in joint action with the State or its agents," and as such are deemed to be state actors for the purpose of Section 1983 complaint. Dennis v. Sparks, 449 U.S. 24, 27 (1980).

#### PARTIES

5. Plaintiffs, Chester J. Chalupowski Jr., and Malgorzata Chalupowski, MD, PhD, husband and wife, are natural persons residing at 119 Water Street, Apt. 65, in Beverly, Massachusetts.

2

6. Defendant Anthony Metaxas is a duly licensed attorney in the Commonwealth of Massachusetts, practicing law as a member of the Law Firm of Metaxas, Norman and Pidgeon, with a principal place of business located at 900 Cummings Center, Suite 207T, in Beverly, Massachusetts.

7. Defendant Law Office of Metaxas, Norman and Pidgeon is a Massachusetts law firm duly organized under the laws of the Commonwealth of Massachusetts as a limited liability partnership, with the principal place of business located at 900 Cummings Center, Suite 207T, in Beverly, Massachusetts.

## STATEMENT OF CASE

8. The instant action arises from actions undertaken by the Defendants pursuant to certain orders issued by the Essex County Probate and Family Court between May 2004 and the present.

9. Said orders issued by the Essex Probate and Family Court are invalid since they were issued by court acting on matters dismissed, appealed and at the time pending before the Appeals Court. Orders issued by court lacking subject matter are void as a matter of law.

3

10. Defendants, duly licensed attorneys, are fully aware
    of the fact that the orders they used in their actions
    are void.

11. While acting on the court orders, which they knew to
    be invalid, Defendants seized, liquidated and
    distributed among themselves and other individuals
    over $600,000 belonging to Chester and Malgorzata
    Chalupowski.

12. While acting on the court orders, which they knew to
    be invalid, Defendants seized, liquidated and
    distributed approximately $200,000 belonging to the
    Mary Jane Chalupowski Family Trust.

13. While acting pursuant to court orders which, they
    knew to be invalid, Defendants through negligence and
    intentional failure to manage the property caused the
    26-30 Andrew Street Realty Trust a loss of over
    $220,000 in unrealized rental income.

14. By intentionally avoiding paying the real estate
    taxes for over two years, Defendants caused the trust
    property to be threatened with being advertised for
    sale for non-payment of taxes.

15. To stop the taking of the trust property by the City
    of Salem, on August 8, 2006, Chester and Malgorzata

Chalupowski were forced to pay over $5,000 in real
estate tax from their own personal assets.

16. While using the court orders, which he knows to be
invalid, the Defendant Anthony Metaxas continues to
act with a sole purpose of gaining collateral
pecuniary advantage for himself and other individuals,
through depriving the Plaintiffs of their property
without due process of law.

17. By taking advantage of the Probate Court judges'
apparent ignorance of facts and rules of law and civil
procedure, Defendant keeps presenting to the Essex
Probate Court various pleadings, which are routinely
rubber-stamped and allowed by the Essex Probate Court
without any verification of facts or rules of law.

#### COUNT ONE

#### DEPRAVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

18. The Plaintiffs hereby repeat and incorporate the
allegations set forth in the foregoing paragraphs.

19. The Plaintiffs believe and therefore aver that the
allegations contained in the foregoing paragraphs
constitute a constitutional violation of depravation
of property without due process of law.

5

## COUNT TWO

### ABUSE OF PROCESS

20. The Plaintiffs hereby repeat and incorporate the allegations set forth in the foregoing paragraphs.

21. The Plaintiffs believe and therefore aver that the allegations set forth in the paragraphs 1 through 17 constitute multiple instances of abuse of process committed by the defendants while acting under color of law. Defendants had an ulterior motive and used the legal process for an improper collateral objective.

## COUNT THREE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. The Plaintiffs hereby repeat and incorporate the allegations set forth in the paragraphs 1 through 17.

23. The Plaintiffs believe and therefore aver that that allegations set forth in paragraphs 1 through 17, constitute conduct that is extreme and outrageous and utterly intolerable in a civilized community. The Plaintiffs suffered as a result of the Defendants' actions committed under color of law, severe distress of such nature that no reasonable person could be expected to endure.

6

## COUNT FOUR

### TRESPASS

24. The Plaintiffs hereby repeat and incorporate the allegations set forth in paragraphs 1 through 17.

25. The plaintiffs believe and therefore aver that allegations set forth in paragraphs 1 through 17 constitute trespass. While acting under color of law, Defendants committed trespass by wrongfully interfering with the personal property belonging to Chester and Malgorzata Chalupowski. While acting under color of law, Defendants committed trespass by wrongfully with the real property res of the 26-30 Andrew Street Trust, and the assets belonging to the Mary Jane Chalupowski Family Trust.


## COUNT FIVE

### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

26. The Plaintiffs hereby repeat and incorporate the allegations set forth in paragraphs 1 through 17.

27. The Plaintiffs believe and therefore aver that Defendants' conduct described in paragraphs 1 through 17 constitutes interference with advantageous business relations.

7

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray this Honorable Court issue
relief as follows:

1. Enter a judgment against the Defendants awarding the
   Plaintiffs monetary damages actually suffered as a
   result of the Defendants' actions.

2. Enter a judgment against the Defendants awarding the
   Plaintiffs compensatory damages.

3. Enter a judgment against the Defendants awarding the
   Plaintiffs punitive/exemplary damages.

4. Issued such other orders and relieves as this Court
   deems proper and just.

**JURY DEMAND**

The Plaintiffs hereby demand a trial by jury on all claims
and issues so triable.

Respectfully submitted Pro Se

Chester S. Chalupowski                    Malgorzata Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

**STATEMENT OF VERIFICATION**

We have read the above complaint and it is correct to the
best of our knowledge.

Chester Chalupowski                       Malgorzata Chalupowski

8